

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00058-CR

David Alexander **ZUNIGA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR4390B
Honorable Sid L. Harle, Judge Presiding

Opinion by:      Rebeca C. Martinez, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Rebeca C. Martinez, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed:  July 25, 2018

ABATED AND REMANDED; MOTION TO WITHDRAW GRANTED

David Alexander Zuniga was convicted by a jury of murder committed during the course of a robbery when he was 17 years old. *See* TEX. PENAL CODE ANN. § 19.02(b) (West 2011). The trial court followed the jury's punishment recommendation and sentenced Zuniga to life in prison, and assessed a $10,000 fine. Zuniga now appeals.

Zuniga's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the sixty-page brief, counsel discusses several potential appellate issues,

but concludes that none have merit and that this appeal is therefore frivolous. The brief meets the *Anders* requirements. *See id.*; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Zuniga with a copy of the brief and motion to withdraw, and informed him of the right to receive a copy of the appellate record and to file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Zuniga thereafter filed a *pro se* brief raising an additional appellate issue not addressed in the *Anders* brief, asserting that defense counsel's ability to intelligently exercise his peremptory strikes was impaired by the trial court's failure to divulge the address information for the potential jurors and that his counsel was ineffective. The State filed a brief responding to the *pro se* brief, asserting lack of preservation, no error occurred, and an insufficient record to prove ineffective assistance of counsel.

Once we determine that the procedural requirements of *Anders* have been satisfied, we engage in an independent review of the briefs and the record to determine whether we agree with counsel's conclusion that the appeal is wholly frivolous, in which case we issue an opinion stating there is no reversible error, or we conclude that arguable grounds for appeal exist, in which case we remand the cause to the trial court. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Nichols*, 954 S.W.2d at 86. If we determine that a nonfrivolous ground for appeal exists, we must grant defense counsel's motion to withdraw, abate the appeal, and remand the case to the trial court for appointment of new counsel. *See Nichols*, 954 S.W.2d at 86 (noting that we cannot order counsel to brief and argue an appeal that counsel considers frivolous). The new attorney is then required to file a brief raising the nonfrivolous ground we have identified, as well as any additional grounds that the attorney discovers. *Bledsoe*, 178 S.W.3d at 827; *Stafford v. State*, 813

S.W.2d 503, 511 (Tex. Crim. App. 1991). Only after Zuniga's new counsel has briefed the issues on appeal will we address the merits of the issues.[1]

After reviewing the briefs and the record, we conclude that the appeal is not wholly frivolous and there are arguable ground(s) for appeal, including whether Zuniga was subjected to custodial interrogation without *Miranda* warnings and whether his statement should have been suppressed under the Texas Family Code or the Texas Code of Criminal Procedure. *See Bledsoe*, 178 S.W.3d at 827. We therefore grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. The trial court shall, within thirty days from the date of our opinion and order, appoint a new attorney on appeal to present all arguable grounds of error, including but not limited to the nonfrivolous ground noted in this opinion. *See id.*; *see also Nichols*, 954 S.W.2d at 86.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] The dissent instead chooses to address the merits by determining "neither reversible error nor a legal point arguable on its merits" exists, before new counsel is permitted to re-brief and argue an appeal on behalf of the appellant.